Good morning, Your Honors, and may it please the Court. Good morning. Douglas Kolodell, apparent on behalf of the appellant Intelligender. This is an appeal from the denial of injunctive relief against the appellee who is currently Sorry, what was your name again? Douglas Kolodell. Oh, okay, so it's correct on here. Yes. Okay, I just wasn't, I thought, I heard a different first name and I thought, okay, thank you. The appellee who is currently prosecuting Intelligender for essentially the same unfair competition and false advertising laws that were adjudicated in a class action settlement that was reduced to a judgment by the district court. Importantly here, there was notice given under the Class Action Fairness Act to the governmental agencies, including the appellee, which the appellee actually had six months' notice about the settlement in this case before the fairness hearing, and yet no governmental agency spoke up, objected to the terms of the settlement agreement or the injunctive relief that was being implemented. Do you think that a settlement agreement in a civil suit can preclude the state or the city from seeking an injunction against continuing conduct? Your Honor, the district court judgment in this case, the short answer to your question is yes, in this case. And the reason for that is what the city or the appellee is pursuing now has already been adjudicated and encapsulated within the district court's judgment, specifically the restitution claims. I'm not talking about that. I'm just asking about the injunction. Right. And the injunction to preclude the appellee from pursuing those same claims, yes. But they could want other things in terms of to protect the people of the State of California that weren't adjudicated, and I think you would be hard-pressed to say that the government, you know, that they can't bring something. I mean, let's say that they want them to cease and desist doing other things that are misleading as far as they weren't a party to that and they didn't negotiate all of those type of things. I think your argument is different with the restitution, but. Well, again, like the restitution, Your Honor, the injunctive relief that was implemented in this case goes to the false advertising and unfair competition claims. And specifically changing the labeling on the intelligender. But what if they want more than that? What if they want more than what was negotiated there? They weren't a party to that lawsuit. True. To protect the citizens here. True. But in order to give any teeth or any meaning to the Class Action Fairness Act notice, when a governmental agency has an objection to what is being settled and resolved in the district court class action, it is incumbent upon the governmental agency to speak up and voice those objections because without voicing those objections, then the parties settle thinking that the disputes have been adjudicated. The governmental agencies who are given the opportunity to insinuate themselves into this litigation and, again, object or comment as other cases have done. There's not many cases out there that have talked about this specific issue, but they are clear, three of them, the Garner v. State Farm case in particular as a lead, that when the government gets this notice, it's expected to react to the notice. Is it required to? Without imposing a requirement on a governmental agency to do something, either object or comment, then 1715D has no meaning. Because why are State governmental agencies being given this notice, required to be given this notice, unless that notice has some meaning? Well, except they could come. They could come and say, we're perfectly happy with this, we don't want any more, and then you would know that. But if they don't come, I think Judge Wardlaw's question is, can you require them to come and say either they're happy or they're unhappy? I think the governmental agencies should be required under 1715. But are they? I would say 1715D requires them to participate in the action. Is there a circuit court case that says that? No. Are there district court cases that say that? Yes. In particular, Granin and Gallucci, which we cited in our brief, which say that when the government is silent, that the court, the district court in assessing the class action settlement, can take that into consideration in ascertaining whether the settlement is fair. Similarly. Well, what about like a case, now I know this isn't finding here, but American Investors Life seems to stand for the proposition that a public entity may pursue claims as long as they do not result in a double recovery for individuals who have already litigated the claims. Well, yes, Your Honor, that's our primary case on the restitution. On the restitution. Correct. But it doesn't really cover the other. Well, I don't think there was a CAFA issue that was raised in American Investors like there were in, say, Granin or Gallucci or Garner and the other cases. So you don't really have any case. There's no court that's ever held that CAFA notice provisions in 28 U.S.C. Section 17B can support the application of res judicata against a public entity. There isn't a case on that, but you're asking for us to give you that case. Yes, Your Honor. But there isn't one, right? I'm asking you to extend the district court decisions that have led up to that exact holding but haven't quite said that it's res judicata. So, yes, this is the next logical step in that process. Because, again, there could be no meaning to the notice requirement if the government just sits back and does nothing in the interim and then seven months later files its own action, which essentially says the same things that were adjudicated in the federal court action, the class action. So of the people that they're trying to get $30 for now, are those the same people that got $10 and agreed that they would only get $10 if they bought it and then they used it and got a bad result? Are there any other people out there? My understanding is that the class action settlement covers all individuals who bought the test. So I don't know how the dollar amount could alter who's going to receive. And so the $30, they're not saying we're putting it in some sort of fund to stop this behavior. They're saying that it will go to those people? That's what restitution is. It would have to go back to the people who have been. Right, but sometimes the state pursues things where they get to keep the money. Well, there are other provisions, but not under the restitution claim. The restitution claim would have to go back to the individuals. The individuals are precluded by the class action settlement from obtaining any further restitution, full restitution or whatever. And that's, again, why if the government wanted $30 instead of $10 to be the fair amount, then it needed to speak up before the $10 amount was set. Well, if they had said that there, there still could have been a settlement for $10, right? True, depending on what the district court. I mean, I'm understanding your argument to say they can't seek restitution that would be a double recovery. So whether they showed up or not, you still have the same restitution argument, right? But the district court determined in the fairness hearing that $10 was the appropriate amount. It didn't, if it was given. Well, no, what the district court did was approve a compromise of what the claim was. Correct. But in terms of the amount of the restitution and setting the number at $10, that was assessed based on the information that was given to the court at the time, at the time of the fairness hearing. So if there would have been different information that would have been provided to the court, say the $30 that the appellee is seeking now or a different amount that the appellee is seeking now, then the district court takes that into consideration in determining what is a fair amount of restitution, given all the factors that are extant in the class action. But in the district court's order, she says that we can avoid, the next action can avoid any kind of double recovery or, you know, so the person had already taken $10 could only get an additional $20. I'm sorry, Your Honor? I'm saying for purposes of restitution, the district court judge decided that the court could handle any inequity in, as between the state's action and your settlement. Well, the district court wasn't apprised of the appellee's state action. That wasn't filed until seven months after the fairness hearing. The state court judge could avoid any double recovery. But, again, it gets back to the point of why an injunction should issue in the first place here, because then you're having interpretations of two courts perhaps conflicting, perhaps holding the defendant intelligent to different standards so that you could be in contempt by one court and not by the other. You could be visualized as being in contempt for different reasons, excuse me, that are counterproductive to each court's actions. And, therefore, when you have a finality of a settlement, there shouldn't be infringement by another court, in particular a state court, that is duplicating what's going on in terms of restitution and injunctive relief. I'd like to reserve the remainder of my time for rebuttal. Thank you. Good morning, Your Honors. Good morning. Christine Lorenz, representing the appellee in this case, the people of the State of California. I wanted to clarify at the outset that this action is being brought on behalf of the people of the State of California and not the City of San Diego. There's been a bit of confusion, and that was specifically adjudicated by Judge Collins, that this was, in fact, brought by the people of the State of California properly under the unfair competition law and false advertising laws of the State. Appellants originally argued that, in fact, it was the City and that the State was not a real party in interest. That's been disposed with. But they've still been referring to us as the City and not the State. So I just want to make clear that these actions are bought by the people of the State of California as allowed by California statutes to, as public prosecutors allowed to redress injuries for the State. I have more problems with your restitution argument than I do with your other argument. And there was one, there was a case that, there was a stock case where they were talking about, well, you know, it's not just the specific losses of the victims. It affects the whole market, and there's a lot of things here. So I can see where the State would have interest in terms of preventing this sort of behavior in their State. But it looks like you're giving $30 for people that agreed to take $10. Well, Your Honor. And I don't see, it looks, because there's an EEOC case that said the EEOC can't step in and then get a better, you know, damages than what someone agreed to. Well, I think it's important to understand that the lawsuit that we're bringing here, the appellant alleges that these are sort of duplicative suits, and they're not, in fact, duplicative suits. Even though the causes of action may be the same, this action brought on behalf of the people of the State of California is primarily a law enforcement action. It's a public action with goals of deterrence and disgorgement that aren't in a private class action. But you're going to give the extra money to people that agreed to take $10. You don't, if it, what you're talking about is if you could keep the money to prevent this type of thing, that's different. But you are, you're going to give money to people that agreed to take $10, right? It's got to go to them. But the purpose in this case is to disgorge the ill-gotten gains of the appellant, or in this case, or the defendant in any case. So the purpose is very different from the purpose in a class action. But the effect is that people are getting more money. The purpose could be, as Judge Callahan suggested, they pay another $20 to a fund to prevent fraud. That would take care of your problem of punishing these people. But giving the money to the people who agreed to take less is a different question than whether they should be penalized. Right. And what the statute under which we're working, in this instance restitution is the remedy. It provides broad injunctive, I mean, under the provisions for the state court judge and in their discretion to effectuate, broad orders to effectuate the goal of putting and making victims whole, but also of disgorging ill-gotten gains. So why don't you show up and say all that in front of the, you know, when the settlement was there and put it all out there, and then maybe the court wouldn't have approved that, said, I'm not going to approve something for $10. Your Honor, and that's something that I really wanted to address. Well, good. We really want to hear it. Yes. The notion that the Class Action Fairness Act noticing requirement, the purpose of that, if you look at the plain language and the legislative intent behind it, the purpose of that is an additional safeguard for plaintiffs. It's in instances where there's collusion among attorneys, perhaps in a private class action. The idea is that there will be somebody to send the judgment to, to review it. However, there is absolutely no obligation placed on, and in this case it's the State Attorney General. We're the City of San Diego, which we the question is would we even have, what would be our basis for any, for objecting to the Attorney General. So now you're the City of San Diego, but otherwise you're the people of the State of California. I'm sorry. The office I come from is the City of San Diego. We're the lawyers for the people of the State of California in this case. But I'm sorry, I lost your question. Well, you know, he's asking us to write in that it's a requirement that you show up. And there are no cases that say that. You're saying don't write that in because that's really not the purpose. So neither of you really have a case out there for either of your propositions, right? But you look at the plain language of the statute, which the notice goes out 90 days before a final judgment. And it goes to the actually, the State Attorney General, and it goes to the first, the first within the State court, to the regulator or the person who licenses the individual. Does the plain language say the purpose that you just said? This provision is under the Consumer Bill of Rights portion. Well, let's try to answer my question. Does the plain language say just the purpose that you just told me? No. It states that there's not to be construed any obligation on State or Federal officials to take action based on the notice. And that's 1715d. So you're saying the plain language says it's not a requirement that you show up, but the plain language doesn't say the purpose of what you're saying. Correct. I would look to the legislative history in order to glean the purpose. But we only, well, some of us, we peek under the covers, but we look there if it's ambiguous. And is there anything ambiguous about that language? I don't believe so. I believe that it clearly states there isn't a requirement to. Okay. So we don't need to look at that. But then you're saying, but that's why we didn't show up. But the purpose, when you look to the purpose of the noticing requirements. So how do you distinguish all those cases that say you can't, you know, you can't do, you can't do double recoveries, you can't, you know, you, how do you distinguish all those cases? Well, it wouldn't be a double. The point is it wouldn't be a double recovery in that to the extent that restitution had been paid, it would be offset. Well, what about the EEOC case where they tried to go get more money for someone? It wasn't a double recovery. The EEOC case. It's the EEOC v. Waffle House, where the court had suggested that EEOC could not pursue a double recovery on behalf of an employee that had settled with an employer. I believe that that case was referenced in the Enrique Baldwin case in the context of a complex litigation. Well, the EEOC case is the Supreme Court case. So the extra money that you get isn't going into some fund to prevent fraud. It would go to these people that were part of the other lawsuit, right? That's correct. It would be, it would be. It's the identical class of people, because the class that was, the settling class, the certified settlement class was a nationwide class of anybody who had purchased and personally used the product. And we would make that distinction as well, that based on California law, the false advertising statute, the injury occurs whenever someone relies on the representation to make a purchase. So it wouldn't matter whether they personally used the test or not, as it does in the settlement class. It would be, it would be anyone that in reliance on the false representations purchased the product, regardless of that. Yeah, if you were a party to the lawsuit, that's what you would say, and it wouldn't, and you wouldn't settle the case for that. But if an individual decides to settle the case for that amount, why do you get to get them more money after they agreed to it and the parties came up with something? How are you perpetuating some greater... Again, I would go back to the purpose of these lawsuits fundamentally is a law enforcement purpose. And as part and parcel to that... But that doesn't necessarily mean that you should be able to get restitution and turn it over to the individuals. You have other avenues, other remedies under the statute for this greater wrongdoing that you're seeking to punish. It's true, and it's in the discretion of the trial court judge. And you can find them, right? You can find them. You can do certain things like that that would have nothing to do with their other people, right? Right. There are civil penalties attached. Why doesn't the district court here, Judge Collins, have the authority to enforce the settlement that she approved? She has the authority to enforce the settlement that she approved, but she found that the people of the state of California were not bound by the terms of that settlement. But suppose... I mean, you just told us that you're trying to get recovery of monies for the St. Mary people who signed off on the settlement previously. Why couldn't Judge Collins just have enjoined that aspect of your case? She could have, but she found that, in this case, because the people of the state of California... And I'm sorry that I keep harping on it, but it's the fundamentally... She recognized it as a fundamentally different beast in which a broad injunctive relief, civil penalties. And in this instance, restitution, it's broad discretion for the trial court judge to fashion. Didn't she err? Because she thought, or said in her order, that the classes were two different classes. And, in fact, they're the same class. Your Honor, I would think at best that that would be harmless error. In that context, she was talking about... Oh, my God. I love harmless error, but how could that be harmless error? Well, she cited many grounds. She cited several grounds for denying the injunction, the primary of which was that she didn't feel that the state of California could be bound by the terms of her judgment. I don't even think it's harmless error. But you don't love harmless error. She also found that we named the principals of the company. That was different than in her lawsuit. Well, okay, so fine. You can go after the principals if the principals weren't liable previously. But that's a different lawsuit. I mean, to the extent that it's the same lawsuit and it's been settled, it does seem unfair that you can come back later and recover on behalf of the same people. But the point is that it's not the same lawsuit. This is a different law enforcement action. As to things that you can do against the company, the company didn't settle with you on those things. So why aren't you doing those law enforcement actions against the company, as opposed to collecting money for people that were happy to settle for pretend dollars? We are. We are, in fact. I mean, that's only one component of the issue. So there's two components. You could win on that and you could lose on the restitution. We could, but we feel that the action is important. I know what you feel. Yeah. I know what you feel. But in terms of our decision making, we could, and I know how he feels, he should win on both. But we could feel differently. I'm not saying we do or we don't, but we have more choices than both of you are giving us. Correct. I mean, we could affirm in part and reverse in part, which would make neither of you happy. You're correct, Your Honor. I don't know if you want me to address, there was a new, I mean, there were three bases that the appellant cited, and one of them was raised in the reply brief for the first time. And I don't know if that's something that I would dispel. I mean, that's the notion of the jurisdictional boundaries of the State. It was not properly before the judge. It was not raised in the opening brief. So I'm not sure that it's anything that the Court would consider. I don't think that the Court should consider it, but I would speak to it if it's something that. Well, why don't you, since we have limited time, why don't you skip that now? And if we want a supplemental brief answering what was newly raised in the reply brief, we can advise you of that. So I guess I would like, in conclusion, to say that I think that it's clear from the record, the briefs and the argument, that Judge Collins did not abuse her discretion when she declined to invoke the All Writs Act, that extraordinary measure, in finding that the people's suit was fundamentally different from the Graham class action. And this is the judge who presided over the Graham action. She retained exclusive jurisdiction over that action. And she got it wrong, in part, factually, which you concede. But only, if I may, the what she, in that order, she gleaned that the people, the only members of the class that were entitled to restitution were those who received an incorrect result. That was the people who were going to get restitution for purposes of the class action. She did say that the class members included people who got an inaccurate result. But the effect that the only people who got restitution would be those who would attest under penalty of perjury that they received an inaccurate result. She got that right. So let me just, if you had shown up and you argued before the court when you got notice under the CAPA that you thought that it should be, it shouldn't be whether you got, it should be everyone that bought. And so they should get the money. But then the court, you showed up, you heard, and then the court fixed, but then the court approved it. Would that make any, are you still saying that you would make the same arguments here that anyway? So what would be the point of showing up, I guess? I know you don't feel you're required to. But if you had shown up and a court said, you know what, I don't think, I still think that this is fair, and I've heard what you have to say, but I'm going to approve this settlement, does that, would that make any difference in your argument here? No, it wouldn't. Okay. Thank you. Thank you. Case just argued will be submitted. He has a little time. Your Honor, if I may, just a couple of minutes. I have four, but I'm not going to take the whole four. Okay. Real quickly, on the point of the name, that's a side issue that was brought up in the Appellee's brief, and we responded to that. It's not, I don't think, relevant to the merits of the case. It's a side issue. As to what counsel said about safeguarding, the purpose behind 1715d is to safeguard plaintiffs. All the more reason that the government should be required, when it sees some type of inequity or some need to comment or object, to safeguard plaintiffs, to come into the district court before the fairness hearing and alert the court to those concerns. And then finally, this situation was, actually happened in two cases. The true case and the Figueroa case, which we cited in our briefs, that the district court object or voiced some concerns, and the district court said, you know, you're right. I'm not going to approve this proposed class action. And finally, although there may be other governmental parts, governmental law enforcement action parts to an action that is brought in the context that the Appellee is bringing it, certainly in this case, the restitution and the injunction claim should be covered by the federal court judgment. And with that, I would submit. Thank you very much. Thank you, Kevin. Case disargued will be submitted.
judges: REINHARDT, WARDLAW, CALLAHAN